```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CAFFELE MORGAN,
```

                         Plaintiff,                             **MEMORANDUM and ORDER**

      -against-                                        03-CV-5109 (SLT)

```
NASSAU COUNTY; NASSAU COUNTY POLICE
DEPARTMENT; P.O. FREDERICK RENGANESCHI;
P.O. LEACH;P.O. GASPER ARBISI; SUNRISE
CINEMAS; NATIONAL AMUSEMENTS, INC.;
S.E.B. a/k/a SECURITY ENFORCEMENT BUREAU,
INC.; RAYMOND SMITH; GONZALO ARZON;
"JOHN DOE" and "JANE DOE" #1 through #10,
inclusive, the names of the last defendants being
unknown to plaintiff,

                        Defendants.
-------------------------------------------------------------------x
```
**TOWNES, United States District Judge:**

        On March 7, 2006, Magistrate Judge Wall issued a Report and Recommendation ("the R&R"), recommending, *inter alia*, that defendants' two motions to disqualify plaintiff's counsel, dated September 16, 2005, and September 23, 2005, be denied without prejudice. The defendants who brought the September 23 motion filed a timely objection to the R&R, arguing that Magistrate Judge Wall misapprehended the basis for their disqualification motion. In accordance with 28 U.S.C. § 636(b)(1), this Court has reviewed de novo those portions of the R&R to which objection has been made. Although this Court agrees that Magistrate Judge Wall may have misunderstood a portion of the September 23, 2005, motion to disqualify plaintiff's counsel, the Court concludes that this motion was nonetheless properly denied without prejudice.

**BACKGROUND**

This action arises from an October 13, 2002, incident in which plaintiff, Caffele Morgan, was allegedly attacked outside Sunrise Cinemas by defendant Raymond Smith – a private security guard employed by defendant S.E.B. a/k/a Security Enforcement Bureau, Inc. ("S.E.B."), which had contracted to provide security services at the theater. Plaintiff, who was knocked unconscious during the attack and had to be taken to the hospital, was subsequently arrested and allegedly further assaulted, threatened and/or intimidated by three Nassau County Police Officers (collectively, the "Police Officer Defendants").

In October 2003, plaintiff filed this action. Although the first cause of action in the Amended Complaint raises a civil rights claim pursuant to 42 U.S.C. § 1983 against the Police Officer Defendants, the remaining seven causes of action raise State law claims. The Amended Complaint alleges, *inter alia*, that the Police Officer Defendants violated plaintiff's rights under the New York State Constitution by maliciously prosecuting him; that all defendants are liable for assault and battery and that defendants Nassau County, Sunrise Cinemas and S.E.B. are liable for negligently hiring and retaining the employees who allegedly assaulted, threatened and/or intimidated plaintiff. In addition, the fifth cause of action alleges false arrest and false imprisonment, although it is not clear whether this claim is brought against "all defendants," as indicated in the title, or solely against the Police Officer Defendants and Nassau County, the only defendants specifically named in the cause of action.

In May 2005, this Court granted the Police Officer Defendants, Nassau County and the Nassau County Police Department (collectively, the "Nassau County Defendants") permission to

**BACKGROUND**

This action arises from an October 13, 2002, incident in which plaintiff, Caffele Morgan, was allegedly attacked outside Sunrise Cinemas by defendant Raymond Smith – a private security guard employed by defendant S.E.B. a/k/a Security Enforcement Bureau, Inc. ("S.E.B."), which had contracted to provide security services at the theater. Plaintiff, who was knocked unconscious during the attack and had to be taken to the hospital, was subsequently arrested and allegedly further assaulted, threatened and/or intimidated by three Nassau County Police Officers (collectively, the "Police Officer Defendants").

In October 2003, plaintiff filed this action. Although the first cause of action in the Amended Complaint raises a civil rights claim pursuant to 42 U.S.C. § 1983 against the Police Officer Defendants, the remaining seven causes of action raise State law claims. The Amended Complaint alleges, *inter alia*, that the Police Officer Defendants violated plaintiff's rights under the New York State Constitution by maliciously prosecuting him; that all defendants are liable for assault and battery and that defendants Nassau County, Sunrise Cinemas and S.E.B. are liable for negligently hiring and retaining the employees who allegedly assaulted, threatened and/or intimidated plaintiff. In addition, the fifth cause of action alleges false arrest and false imprisonment, although it is not clear whether this claim is brought against "all defendants," as indicated in the title, or solely against the Police Officer Defendants and Nassau County, the only defendants specifically named in the cause of action.

In May 2005, this Court granted the Police Officer Defendants, Nassau County and the Nassau County Police Department (collectively, the "Nassau County Defendants") permission to

**BACKGROUND**

This action arises from an October 13, 2002, incident in which plaintiff, Caffele Morgan, was allegedly attacked outside Sunrise Cinemas by defendant Raymond Smith – a private security guard employed by defendant S.E.B. a/k/a Security Enforcement Bureau, Inc. ("S.E.B."), which had contracted to provide security services at the theater. Plaintiff, who was knocked unconscious during the attack and had to be taken to the hospital, was subsequently arrested and allegedly further assaulted, threatened and/or intimidated by three Nassau County Police Officers (collectively, the "Police Officer Defendants").

In October 2003, plaintiff filed this action. Although the first cause of action in the Amended Complaint raises a civil rights claim pursuant to 42 U.S.C. § 1983 against the Police Officer Defendants, the remaining seven causes of action raise State law claims. The Amended Complaint alleges, *inter alia*, that the Police Officer Defendants violated plaintiff's rights under the New York State Constitution by maliciously prosecuting him; that all defendants are liable for assault and battery and that defendants Nassau County, Sunrise Cinemas and S.E.B. are liable for negligently hiring and retaining the employees who allegedly assaulted, threatened and/or intimidated plaintiff. In addition, the fifth cause of action alleges false arrest and false imprisonment, although it is not clear whether this claim is brought against "all defendants," as indicated in the title, or solely against the Police Officer Defendants and Nassau County, the only defendants specifically named in the cause of action.

In May 2005, this Court granted the Police Officer Defendants, Nassau County and the Nassau County Police Department (collectively, the "Nassau County Defendants") permission to

move for summary judgment pursuant to Fed. R. Civ. P. 56.[1] On September 16, 2005, after serving their motion for summary judgment and receiving a response from plaintiff, the Nassau County Defendants filed a letter motion to disqualify plaintiff's counsel from the case. In that motion, the Nassau County Defendants stated that their as-yet-unfiled motion will seek summary judgment on the malicious prosecution claims on the ground that the criminal proceedings arising from the October 13, 2002, incident had not been terminated favorably to plaintiff. To support this argument, the Nassau County Defendants' motion will include an affidavit from an Assistant District Attorney, stating that the charges against plaintiff had been dismissed due to the unavailability of the complainant, Raymond Smith. However, in responding to this argument, plaintiff will submit an affirmation from his attorney, Patrick Okeke, Esq., who also represented plaintiff in the criminal proceedings. This affirmation will state that the prosecution dismissed the case pursuant to C.P.L. § 170.30(1) at the urging of the trial court, shortly after a pre-trial hearing at which Smith's supervisor, Keith English, indicated that plaintiff was a victim, not the aggressor, during the October 13, 2002, incident.

In moving to disqualify plaintiff's counsel, the Nassau County Defendants reasoned that if Okeke's affirmation was necessary to defeat summary judgment on the favorable termination issue, Okeke's testimony would also be necessary at trial. If so, plaintiff's counsel would be disqualified from representing plaintiff under Disciplinary Rule 5-102(a), which requires lawyers

---

[1] For reasons that are not entirely clear, this motion has not yet been filed. According to the docket sheet in this case, the briefing schedule for this motion for summary judgment was last amended on August 15, 2005, to provide that the fully briefed motion would be filed by September 27, 2005. In his R&R, Magistrate Judge Wall states that "briefing of the summary judgment motions has apparently been suspended by the parties pending determination of the disqualifications motions." R&R at 2, n.1.

to withdraw from cases in which "the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client . . . ." N.Y. Comp. Codes R. & Regs., tit. 22, §1200.21 (2005).

One week later, the remaining defendants (the "Non-Nassau County Defendants") also moved, *inter alia*, to disqualify plaintiff's counsel. The Non-Nassau County Defendants argued that "Disciplinary Rule 5-102 mandates that Mr. Okeke and his firm be disqualified because Mr. Okeke has come forward with personal knowledge of facts that are strenuously contested in this matter." Letter from Theodore W. Ucinski to Hon. Sandra L. Townes, dated September 23, 2005, at 4. However, the motion did not specifically identify all of the "facts" of which Okeke allegedly had "personal knowledge," much less explain the manner in which such "facts" were relevant to a significant issue in the case. Instead, the motion stated:

> For example, Mr. Okeke reveals for the first time in opposition to co-defendants' motion for summary judgment that during the course of his investigation as plaintiff's criminal defense attorney he "became aware" of a "missing statement" allegedly given by S.E.B. Supervisor Keith English to the Nassau County Police Department. Mr. Okeke further reveals for the first time based on his personal knowledge that Mr. English gave testimony at an evidentiary hearing during the course of the criminal proceedings against plaintiff.

*Id.* (internal citations omitted).

By Order dated September 27, 2005, this Court referred both motions to disqualify plaintiff's counsel to Magistrate Judge Wall for a report and recommendation. On March 7, 2006, Magistrate Judge Wall issued the R&R, recommending, *inter alia*, that the disqualification motions be denied without prejudice to renewal following the determination of the motion for summary judgment. Magistrate Judge Wall noted that it was unclear "whether the state court

4

made any statements on the record or findings" which would explain its basis for dismissing the charges against plaintiff, and that Okeke's "perceptions . . . as to the underlying reason behind the dismissal" were therefore "possibly irrelevant to a determination of whether the dismissal was favorable." R&R at 5. Magistrate Judge Wall reasoned that disqualification would not be required unless the Court, in the course of adjudicating the motion for summary judgment, determined (1) "that the attorneys' perceptions of the reason behind the dismissal are relevant to a determination of whether the dismissal was favorable" and (2) that Okeke, being in the best position to refute the prosecutor's perception, "'ought' to testify." *Id.*

Magistrate Judge Wall interpreted the Non-Nassau County Defendants' motion for disqualification as raising essentially the same issue as the Nassau County Defendants' motion. The R&R states:

> The non-Nassau County defendants move . . . to disqualify plaintiff's counsel for several reasons. First, these defendants point to [Okeke's] statements regarding his becoming aware of a missing statement in the underlying criminal action as further facts about which he ought to testify at trial. These additional statements by [Okeke] again go to the issue of whether the termination of that action was "favorable." To the extent these defendants argue that [Okeke] has come forward as a fact witness, the court reiterates its reasoning above and finds disqualification inappropriate at this time.

*Id.* at 7.

On March 16, 2006, the Non-Nassau County Defendants filed an objection to the R&R, principally arguing that Magistrate Judge Wall misunderstood their argument. The Non-Nassau County Defendants assert that the issue of "whether plaintiff's criminal action was favorably terminated is not an element of any of the causes of action against them." Letter of Anna J. Ervolina to Hon. Sandra L. Townes, dated March 16, 2006 ("Ervolina Letter"), at 1. They further argue that Okeke's statements that "English identified defendant . . . Smith as the

5

aggressor in his testimony given during the course of plaintiff's criminal trial" "bear directly on . . . a key element of plaintiff's assault and battery, and negligent hiring, supervision and retention claims against the Non-Nassau County [D]efendants." *Id.* at 1-2.

## DISCUSSION

If any party serves and files written objections to a magistrate judge's report and recommendations within ten days of being served with a copy of thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In this case, the Non-Nassau County Defendants object to the R&R only "insofar as it denied their request to disqualify plaintiff's counsel." Ervolina Letter at 1. Accordingly, this Court need not address the other issues raised in the Non-Nassau County Defendants' motion or in the R&R, and will not review the denial without prejudice of the Nassau County Defendants' disqualification motion. *See Thomas*, 474 U.S. at 150. Rather, this Court reviews de novo only that portion of the R&R which denied without prejudice the Non-Nassau County Defendants' motion to disqualify plaintiff's counsel and concludes, for the reasons set forth below, that while Magaistrate Judge Wall may have misunderstood the basis for the Non-Nassau County Defendants' argument pursuant to Disciplinary Rule 5-102, disqualification is not required in this case.

Disciplinary Rule 5-102(a) directs that "[a] lawyer shall not act, or accept employment

that contemplates the lawyer's acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client . . . ." N.Y. Comp. Codes R. & Regs., tit. 22, §1200.21 (2005). Similarly, DR 5-102(d) provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client at which point the lawyer and the firm must withdraw from acting as an advocate before the tribunal.

*Id.*

In moving to disqualify plaintiff's counsel, the Non-Nassau County Defendants implicitly argue that it is obvious Okeke ought be called as witness concerning the issue of whether defendant Smith was the aggressor during the October 13, 2002, incident. While that issue might be relevant to plaintiff's assault and battery and negligent supervision claims, it is far from obvious that Okeke ought to be called to testify concerning this issue. Okeke was not present during the October 13, 2002, incident, and has no personal knowledge as to whether Smith was the aggressor. At most, Okeke may have heard English testify to that effect in State court, and may have learned that English made a statement to that effect to the police.

Even assuming that English's State court testimony constitutes an admission by a party-opponent, *see* Fed. R. Evid. 801(d)(2)(D), and that Okeke's testimony concerning English's testimony would not be inadmissible hearsay, it is highly unlikely that plaintiff will need to introduce Okeke's testimony. English, who filed an affidavit in support of plaintiff's opposition to the Nassau County Defendants' summary judgment motion, appears prepared to testify that Smith was the aggressor. Even if English were unavailable to testify, plaintiff could introduce a

7

transcript of English's State court testimony. *See* Fed. R. Evid. 803(b)(1). Furthermore, in the unlikely event that no transcript could be located, plaintiff could still attempt to introduce a copy of English's August 20, 2005, affidavit pursuant to Fed. R. Evid. 807.

While there is no copy of English's "missing" statement for plaintiff to offer as evidence, Okeke would not be competent to testify concerning this statement. Okeke's affirmation states that he "became aware of a missing statement which was given at the time of the alleged crime by . . . English," but that the prosecution was unable to provide him with a copy. Affirmation of Patrick Okeke, Esq., dated Aug. 27, 2005, at ¶ 6. Thus, Okeke never actually saw this statement, has no personal knowledge of its contents and could not be called to testify concerning English's alleged statement to the police.

## CONCLUSION

Since there is nothing to suggest that Okeke ought to be called as a witness on behalf of plaintiff or on behalf of defendants, there is currently no basis for disqualifying plaintiff's counsel. The Non-Nassau County Defendants' motion to disqualify plaintiff's counsel was therefore properly denied without prejudice. Magistrate Judge Wall's Report and Recommendation dated March 7, 2006, is adopted in all other respects.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
       June 1, 2006